### John D. Wilson, Appellee, v. City of Mason City, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by John D. Wilson against the City of Mason City to recover damages for injuries to a building and the contents thereof, caused by the blowing over and falling upon the same of a fire alarm tower with an eight-hundred-pound bell on the top of it. The declaration, consisting of two counts, charged that defendant did not properly construct the tower and attach it to the ground so as to prevent it from falling during an ordinary windstorm and that the tower was built of light material, grossly out of proportion by making the height thereof so much greater than its width, etc. There was a verdict and judgment for plaintiff for $300.07. To reverse the judgment, defendant appeals.

W. E. STONE, for appellant.

EDWARD WILSON and W. A. COVEY, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 512*—*sufficiency of objections to questions asked of expert*. An objection that questions asked of an expert were irrelevant and immaterial does not save for review the question whether they were strictly hypothetical.

2. APPEAL AND ERROR, § 512*—*when sufficiency of hypothetical questions not saved for review*. The sufficiency of hypothetical questions cannot be considered on review where the missing element or inaccuracy is not pointed out in the objection or in the argument in the Appellate Court.

3. MUNICIPAL CORPORATIONS, § 1122*—*when city liable for fall of tower*. Where a city improperly constructs a fire alarm tower and the property of an adjoining owner is damaged by the falling thereof during a windstorm, the city is liable though the storm was unusual.

4. APPEAL AND ERROR, § 1421*—*effect of errors in decisions doing substantial justice*. Courts will not grant a new trial or reverse a judgment for error in admission or rejection of evidence or in the giving of improper instructions, if it appears from the entire record that justice has been done.